IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Gonzales,<br><br>               Petitioner,<br><br>v.<br><br>Chris Moody,<br><br>               Respondent. | No. CV-16-01112-PHX-SPL (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT JUDGE:

**I.  Summary**

    After a jury trial, Petitioner was convicted of kidnapping, burglary, and first-degree murder. The convictions were affirmed by the Arizona Court of Appeals. Petitioner argues the trial court committed errors regarding severance and jury unanimity. He also argues counsel provided ineffective assistance. Petitioner's claims fail for the reasons outlined below.  Therefore, the Court will recommend that the Petition be denied with prejudice.

**II.  Factual and Procedural Background**

       **a.  Facts and Trial Proceedings**

The Arizona Court of Appeals found the following facts as true[1]:

> Gonzales and Dylan Noack (collectively, "Defendants") were tried jointly as accomplices on charges of first degree felony murder, armed robbery, kidnapping, and burglary in the first degree, all dangerous offenses. The charges stemmed from an incident at A.G.'s apartment where L.O., A.G.'s roommate, was selling marijuana to Defendants and their mutual friend, Sylvia. Before the transaction was completed, Noack said, "You guys are getting robbed[,]" and Defendants shot L.O. multiple times killing him. Gonzales had forced A.G., who was present in the apartment but not involved in the marijuana sale, to the floor at gunpoint and ordered him to face the wall. Defendants fled, taking the marijuana and money they had brought with them to purchase the drugs.
>
> Gonzales testified at trial and admitted to shooting L.O., but explained he did so out of self-defense after seeing L.O. pull out a gun and begin firing. Gonzales denied restraining or threatening A.G., and he stated there was no plan to commit any crime at the apartment aside from purchasing marijuana. Gonzales further testified that he did not "take any money" or marijuana.
>
> The jury found Defendants guilty of first degree murder, kidnapping, and first degree burglary. The jury returned not-guilty verdicts for the armed robbery charges, but found Defendants guilty of the lesser-included offense of theft….
>
> For the murder conviction, the trial court sentenced Gonzales to life imprisonment without the possibility of release for twenty-five years. The court imposed presumptive prison terms for the remaining convictions and ordered all sentences run concurrently.

*State v. Gonzales*, No. 1 CA-CR 12-0442, 2013 WL 4507841, at *1 (Ariz. Ct. App. Aug. 22, 2013).

### b. Direct Appeal

On March 18, 2013, Petitioner filed his opening brief on direct appeal. (Doc. 7-1, Ex. G, at 35.) On August 22, 2013, the Arizona Court of Appeals affirmed Petitioner's convictions. *Gonzales,* 2013 WL 4507841, at *1. On September 26, 2013, Petitioner filed a Petition for Review with the Arizona Supreme Court. (Doc. 7-1, Ex. J, at 134.) On

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. See 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

February 11, 2014, the Arizona Supreme Court denied the Petition for Review. (Doc. 7-2, Ex. L, at 2.)

### c. Post-Conviction Relief Proceedings

On January 23, 2015, Petitioner filed an Amended Petition for Post-Conviction Relief. (Doc. 7-2, Ex. U, at 56.) On April 22, 2015, the trial court reviewed Petitioner's claims and dismissed his petition. (Doc. 7-2, Ex. Z, at 112.) Petitioner did not file for review with the Arizona Court of Appeals. (Doc. 1 at 3-4; Doc. 7-2, Ex. AA, at 116.)

### d. Petitioner's Habeas Claims

On April 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) Petitioner alleges:

> (1) the trial judge improperly denied Petitioner's motion to sever his case from his codefendant;
>
> (2) trial counsel was ineffective for failing to investigate, interview, and present key witnesses at trial;
>
> (3) trial counsel was ineffective for failing to develop and present mitigating evidence and propose a plea agreement to the prosecution; and
>
> (4) the trial judge improperly instructed the jury regarding their duty to make unanimous findings regarding felony murder.

## III. Application of Law

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### a. The Petition is timely.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On April 22, 2015, the trial court reviewed Petitioner's claims and dismissed his petition. (Doc. 7-2, Ex. Z, at 112.) On April 18, 2016, Petitioner filed a

Petition for Writ of Habeas Corpus. (Doc. 1.)  The Petition is timely.

### b. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim"). In Arizona, this means petitioners must present their post-conviction relief claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.*at 31–32.  Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims.  *See Coleman*, 501 at 731-32.  Pursuant to these principles, a habeas petitioner's

claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732. *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a

petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 n.13.  Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

**IV. DISCUSSION**

    **a. Ground One**

In Ground One, Petitioner alleges the trial judge erred by failing to "sever his case from his co-defendant's based on the grounds the two had antagonistic defenses and that the co-defendant had made statements implicating Petitioner in the crimes." (Doc. 1 at 4.) Although Petitioner states his defense was self-defense, Petitioner does not describe the co-defendant's trial defense. Petitioner also does not describe how the defenses were antagonistic and presents no cases in support of this claim.  Petitioner's only trial reference is that co-defendant's counsel elicited on cross-examination of a witness that Petitioner also "yelled about getting robbed." (*Id.*) But the Arizona Court of Appeals found that "whether only [codefendant] or both Defendants said 'You are getting robbed' is not an issue that rises to the level of antagonism necessary to order severance."

1  *Gonzales,* 2013 WL 4507841, at *4.  Petitioner does not explain how this single
2  statement was antagonistic to his defense and how it was prejudicial in light of the all the
3  evidence presented to the jury. Petitioner waived this argument by failing to properly
4  present it. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have
5  cautioned that issues adverted to in a perfunctory manner, unaccompanied by some effort
6  at developed argumentation, are deemed waived, and that it is not sufficient for a party to
7  mention a possible argument in the most skeletal way, leaving the court to . . . put flesh
8  on its bones.") (citation and internal quotation marks omitted).

9  Petitioner also failed to exhaust this claim because it was raised only as a state law
10 claim on direct appeal. Petitioner argued on direct appeal that the denial of the motion to
11 sever was a violation of Arizona Criminal Rule of Procedure 13.4(a) and the test adopted
12 by the Arizona Supreme Court in *State v. Cruz*, 672 P.2d 470 (1983). (Doc. 7-1, Ex. G, at
13 68-69.)

14 Further, a writ of habeas corpus may be granted only for violations of the
15 Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). Petitioner asserts in
16 his Reply that a failure to sever is a violation of the Fifth Amendment. (Doc. 11 at 7.)
17 But "[t]he Supreme Court has not held that a state or federal trial court's denial of a
18 motion to sever can, in itself, violate the Constitution." *Grajeda v. Scribner*, 541 F.
19 App'x 776, 778 (9th Cir. Oct. 4, 2013). To the contrary, the Ninth Circuit has explicitly
20 concluded that *Zafiro* and *Lane*[2] do not 'establish a constitutional standard binding on the
21 states and requiring severance in cases where defendants present mutually antagonistic
22 defenses." *Runningeagle*, 686 F.3d at 776 (citation and quotation omitted). Petitioner's
23 claim is not cognizable on federal review.

24 Finally, assuming arguendo Petitioner's claim is cognizable, and assuming it is the
25 claim raised on direct appeal, Petitioner fails to demonstrate manifest prejudice. "A
26 defendant seeking a reversal by reason of a district court's denial of a motion to sever

---

28  [2] *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Lane*, 474 U.S. 438, 446 n.8 (1996) (explaining that "[i]mproper joinder does not, in itself, violate the Constitution").

- 7 -

1    must establish that the prejudice he suffered from the joint trial was so 'clear, manifest or
2    undue' that he was denied a fair trial. That is even true where the defenses are
3    antagonistic." *Lambright v. Stewart*, 191 F.3d 1181, 1185 (9th Cir. 1999) (citation
4    omitted).  Here, the Arizona Court of Appeals thoroughly reviewed the arguments
5    regarding the "you are getting robbed" statement and whether the defenses in this case
6    were antagonistic. The court found the statement was properly admitted and not so
7    antagonistic to warrant severance. *Gonzales,* 2013 WL 4507841, at *4.  The court also
8    found, contrary to Petitioner's claim, that "the record reflects [codefendant] and Gonzales
9    presented consistent defenses, and each argued the other was not guilty." *Id.* Under the
10   deferential standard afforded to the state court decision, Petitioner's claim fails.

   **b. Ground Two**

    **i. Procedural Default**

Petitioner asserts "trial counsel ineffectively failed to investigate, develop and present key witnesses during his trial proceedings…." (Doc. 1 at 6.) Petitioner does not contest that he failed to exhaust this claim when he failed to present it to the Arizona Court of Appeals. (Doc. 11 at 9.) Accordingly, Petitioner's claim is procedurally defaulted. *Coleman*, 501 U.S. at 735 n. 1. Petitioner moves to excuse the default by asserting "[a]ny failure to fairly present this claim to the state court is attributable to the ineffective assistance of Mr. Gonzales's appellate post-conviction counsel." (Doc. 11 at 9.) Because this claim involves an alleged ineffective assistance of PCR counsel in the failure to allege ineffective assistance of trial counsel, the Court must consider whether Petitioner has shown "cause" to excuse this procedural default under the "narrow circumstance" delineated by *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

Petitioner bears the burden to show that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). Petitioner fails to demonstrate this claim has merit. This case involves an armed robbery and felony murder during what the prosecution described as a "drug rip[off]." (Doc. 7-3,

1  Ex. HH, at 165.) The prosecution argued that Petitioner and his codefendant planned the
2  drug robbery that resulted in kidnapping and murder. Petitioner's counsel argued that
3  Petitioner testified "the plan was to buy marijuana, not to commit a robbery." (Doc. 7-3,
4  Ex. HH, at 207.) Instead, Petitioner argued he acted in self-defense when a victim
5  (marijuana seller) pulled out a gun and began firing. *Gonzales*, 2013 WL 4507841, at *1.

6  Petitioner alleges that "defense counsel never interviewed any of" the witnesses
7  who may have hidden evidence at the scene of the crime. (Doc. 1 at 6.) Petitioner asserts
8  those witnesses "**could** have undermined the felony counts that propped up the charge of
9  felony murder in this case." (Doc. 1 at 7) (emphasis added). Petitioner argues one of the
10 witnesses may have testified that neither defendant was seen leaving the crime scene with
11 a bag of marijuana. (*Id.*) But Petitioner may not simply speculate about what a witness
12 might say. Petitioner must produce evidence regarding the witness testimony. *Grisby v.*
13 *Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) ("Speculation about what an expert could
14 have said is not enough to establish prejudice."). "[E]vidence about the testimony of a
15 putative witness must generally be presented in the form of actual testimony by the
16 witness or on affidavit. A defendant cannot simply state that the testimony would have
17 been favorable; self-serving speculation will not sustain an ineffective assistance claim."
18 *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991).

19 Petitioner argues that a witness may have testified that defendants were not seen
20 carrying a bag (of marijuana) from the scene of the murder. But Petitioner does not
21 present evidence or cite to the record regarding the bag, or how this singular piece of
22 evidence was critical to the defense. Defendants were acquitted of the armed robbery but
23 convicted of kidnapping and armed burglary as the predicate for felony murder, likely
24 diminishing the value of the "bag" evidence.  Also, the bag could have been hidden at a
25 nearby location or removed by a third party. The Court is not obligated to search the
26 record to advance Petitioner's bare allegation. "We review only issues which are argued
27 specifically and distinctly in a party's opening brief. We will not manufacture arguments
28 for an appellant, and a bare assertion does not preserve a claim . . . ." *Greenwood v. FAA*,

28 F.3d 971, 977 (9th Cir. 1994) (internal citation omitted). Because Petitioner fails to prove this claim has merit, Petitioner fails to excuse the procedural default.

### ii. Merits

Petitioner also fails to prove this claim on the merits. The trial court denied this claim on PCR review. The court wrote:

> First, Defendant argues that his counsel was ineffective because he failed to conduct seven "key" witness interviews that could have resulted in evidence to exculpate Defendant from the theft charge. However, all but one of those witnesses apparently were interviewed by officers and their statements were provided to the defense. Defense counsel explained that these witnesses were not interviewed because their statements did not assist Defendant and, in some instances, could have caused more damage than good. Defendant has not shown that the decision not to interview these witnesses, under these circumstances, was unreasonable. Notably, Defendant does not argue that the information in these recorded interviews was helpful, and he acknowledges that his investigator has been unable to interview them. Thus, he simply speculates that if they had been interviewed again by defense counsel, they may have said something exculpatory. That is not the "demonstrable reality" necessary to show ineffectiveness. Moreover, even if Defendant had been found not guilty of theft, these witnesses could not have had anything to offer on the kidnapping count. Therefore, the ultimate result, a felony murder conviction, would not have been changed by their testimony.

(Doc. 7-2, Ex. Z, at 113.)

Here, Petitioner fails to establish how a failure to interview witnesses prejudiced his case. Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. "When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is doubly deferential . . . because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . [and] federal

courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quotations and citations omitted).

Here, Petitioner's speculation regarding potential witnesses fails to establish ineffective assistance of trial counsel for the reasons explained above. Under these circumstances, this claim of ineffective assistance is conclusory and without merit, and Petitioner fails to show that he is entitled to relief under 28 U.S.C. § 2254(d). Petitioner has failed to present any evidence to show that the trial court's decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. As such, this Court finds that the trial court did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice.

### c. Ground Three

Petitioner argues "trial counsel ineffectively failed to investigate, develop and present mitigation and propose a plea agreement to the State . . . ." (Doc. 1 at 8.) Specifically, Petitioner argues that trial counsel did not "propose a plea agreement to the State" or submit a mitigation report "to the prosecutor in furtherance of reaching an agreement in the matter." (*Id.*) Petitioner adds that counsel "failed to advise him that he could be convicted of felony murder if he were convicted of either the kidnapping or the armed robbery…." (*Id.*) Petitioner did not raise these claims in the Arizona Court of Appeals, so these claims are procedurally defaulted. The court also finds Petitioner fails to demonstrate the claim has merit.

The trial court denied this claim on PCR review. The court wrote:

> Second, Defendant argues that counsel was ineffective because he did not make a plea offer to the State when the State did not tender an offer. Again, even assuming the failure to make an offer was deficient performance, it is pure speculation whether the State would have accepted such an offer, particularly when the State had to expend resources to try the case against the co-defendant. Defendant's conclusion that if his counsel "had done the requisite work and negotiation with the County Attorney's Office, [Defendant] would have accepted the plea offer" is not supported by any

facts that a plea offer actually would have been available.
(Doc. 7-2, Ex. Z, at 113.)

The negotiation of a plea bargain is "'a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *Missouri v. Frye*, 132 S. Ct. 1399, 1406 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). If counsel has misadvised a defendant about the law during a plea negotiation, or improperly coerced a defendant to accept a plea bargain, counsel's performance may be found deficient. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."). To establish a claim of ineffective assistance of counsel based on representations during plea negotiations, Petitioner must show that the outcome of the plea process would have been different with competent advice. *Lafler*, 132 S. Ct. at 1384.

Petitioner fails to establish counsel was ineffective regarding the plea agreement process. Importantly, Petitioner does not establish 1) what plea agreement counsel should have sought, 2) whether Petitioner would have accepted that specific offer, and 3) whether there is any evidence the State would have agreed to that offer. Petitioner merely alleges that counsel failed to develop and "propose a plea agreement to the State." (Doc. 1 at 8.) Petitioner's claim is pure speculation. Petitioner presents no evidence to show prejudice (that the outcome of the plea process would have been different).[3] *See United States v. Boone*, 62 F.3d 323 (10th Cir. 1995) (finding no prejudice where petitioner failed to show "the prosecution was willing to enter plea negotiations with [defendant's] counsel, or that such plea would have been acceptable to the court, or that the resulting sentence would have been different than that imposed"). Moreover, under the "doubly deferential" standard, Petitioner fails to argue or establish why the trial court unreasonably applied clearly established Federal law or unreasonably determined the

---

[3] The Court reviewed the Amended Petition for Post-Conviction Relief, but that Petition also does not specify what plea offer Petitioner sought. (Doc. 7-2, Ex. Y, at 108.)

- 12 -

facts in light of the evidence presented.

Regarding the claim that counsel failed to advise Petitioner that he could be convicted of kidnapping/felony murder or armed robbery/felony murder, Petitioner surprisingly fails to present any evidence or argument regarding this point. The Court, after an independent review of the record, did not find this issue was raised during any state-court proceeding. Petitioner did not address this argument in the Reply. Petitioner's single-sentence claim is waived because Petitioner presents no argument or foundation for the claim. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

### d. Ground Four

Petitioner argues "the trial court erred when it gave a felony murder jury instruction that did not require the jurors to be unanimous in their findings . . . ." (Doc. 1 at 9.) Petitioner asserts the jury instruction "did not call for unanimity in regard to the underlying felony offense" but instead "jurors were free to find Petitioner committed Burglary in the first degree, Armed Robbery and/or kidnapping to convict" of felony murder. (*Id.*)

In order to warrant federal habeas relief, an error in jury instructions "cannot be merely 'undesirable, erroneous, or even universally condemned,' but must violate some due process right guaranteed by the fourteenth amendment." *Prantil v. State of California*, 843 F.2d 314, 317 (9th Cir. 1988) (quotation omitted). To prevail on Ground Four, Petitioner must demonstrate that the instructions provided by the trial court so "infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quotation and citation omitted).

Petitioner's claim fails because the Constitution does not require unanimous agreement on the theory underlying the conviction. In *Schad v. Arizona*, 501 U.S. 624, (1991), the Supreme Court held that the constitution permitted a general verdict for first-degree murder based on either premeditation or felony murder, without jury unanimity as to which theory applied. The Court stated that "[w]e have never suggested that in

1 returning general verdicts in [multiple theory] cases the jurors should be required to agree
2 on a single means of commission, any more than the indictments were required to specify
3 one alone," 501 U.S. at 631. *See also Evanchyk v. Stewart*, 340 F.3d 933, 937 n. 1 (9th
4 Cir. 2003) ("Submitting a multi-theory crime to the jury without requiring unanimity on
5 any one predicate theory is not a constitutional violation."); *Sullivan v. Borg*, 1 F.3d 926,
6 927-28 (9th Cir. 1993) (citing *Schad* to find that instruction allowing jury to convict
7 defendant of first degree murder without unanimity on felony murder or premeditated
8 murder did not violate due process).

9 To meet this burden, petitioner must point to the existence of clearly established
10 United States Supreme Court precedent supporting his claim to relief. Petitioner cites to
11 no case supporting his claim. Petitioner's claim fails.

## V. Evidentiary Hearing

13 The record is sufficiently developed and the Court does not find that an
14 evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638
15 F.3d 1027, 1041 (9th Cir. 2011).

## CONCLUSION

17 Based on the above analysis, the Court finds that Petitioner's claims are
18 unexhausted and procedurally defaulted. The Court will therefore recommend that the
19 Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

20 **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas
21 Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
22 **PREJUDICE**.

23 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and
24 leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the
25 Petition is justified by a plain procedural bar and jurists of reason would not find the
26 procedural ruling debatable, and because Petitioner has not made a substantial showing of
27 the denial of a constitutional right.

28 This recommendation is not an order that is immediately appealable to the Ninth

1 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 15th day of December, 2016.

Honorable John Z. Boyle
United States Magistrate Judge